[No. 5939.]

JERMAN v. NEEF BROTHERS BREWING COMPANY.

1. **Appeals—When the Facts Will Be Examined**—The finding of the inferior court on conflicting evidence, where the issues are tried without a jury, will not be disturbed.—(37)

2. **Principal and Agent—Evidence—Burden of Proof**—Plaintiff suing upon contract alleged to have been made by an agent must make the agency appear.—(35)

3. **Ratification**—One cannot ratify a contract made by another, in his behalf, when he has no knowledge of the contract. —(36)

*Error to Pueblo District Court*—Hon. N. WAL-
TER DIXON, Judge.

Mr. JAMES F. DRAKE, for plaintiff in error.

Mr. WM. H. DICKSON, for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of
the court:

This cause was originally brought here on ap-
peal, but, as this court was without jurisdiction, the
appeal has been dismissed and the action entered as
pending on writ of error, as provided by statute.

The plaintiff, Jerman, brought this action
against the brewing company. Trial was to the
court without a jury. At the conclusion of plaintiff's
case, defendant moved for a nonsuit. After con-
sidering the matter, and without any testimony on
the part of defendant, the court finally disposed of
it by finding the issues generally in favor of the de-
fendant, and judgment was made and entered that
the complaint be dismissed and that defendant re-
cover its costs. From that judgment, the parties are
now here. There was a lease on certain premises in
Pueblo, given for a year, ending on September 13,
1899, at $13.00 per month. This lease was given by
plaintiff to one Phillips, and was signed by plain-
tiff, and by defendant by Phillips as its agent.
Aside from the fact that the defendant's name was
signed to this lease by an alleged agent to whom it
ran personally, the record is uncertain as to what
connection defendant had with it. Plaintiff testified
that, under it, the premises were occupied by himself
and Phillips, but it does not appear whether they
occupied them for their own purposes, or for the
defendant.

On May 13, 1899, four months before the expira-
tion of the term of the aforesaid lease, a new lease of

the same premises was executed by the plaintiff to Phillips, personally, at $28.00 per month. This lease was signed by plaintiff and Phillips individually, and defendant's name does not appear upon it in any way. It is upon this latter lease that plaintiff alleges that some rent is due, which he is trying to recover in this action, alleging that the rent under this lease was paid until September 13th, and that thereafter it was not paid for several months, whereupon he forfeited the lease for nonpayment of rent. The rent which plaintiff alleges was paid under the second lease was paid by Phillips, according to plaintiff's testimony, and it will be noticed that it covered the period which the first lease had yet to run. Plaintiff says that, while this second lease appears in Phillips' name only, in truth Phillips was the agent of defendant, and took the lease for its use and benefit. His counsel, in an able and lucid brief, argues that the distinction between specialties, and contracts not under seal, has been abolished in this state; that, therefore, this lease, though under seal, is a simple contract, and that, in as much as it was executed in the agent's name for the use and benefit of the principal, the principal is bound, citing Stor. Ag. (9th ed.), § 160a, and other authorities. However interesting this question may be, it will be useless for us to determine it in this case. If plaintiff's view of the law is upheld, it would avail him naught, for back of it all would have to appear, in some way, the authority of Phillips to enter into such a contract for his principal. Such authority does not clearly appear from the record in this case. The defendant was engaged in the manufacture and wholesaling of beer, with its principal place of business at Denver. It had an office in Pueblo, in another part of the city from the alleged leased premises. Phillips,

so far as the record shows, had but little to do with this office.

Two facts stand out clear in the record. One is, that the defendant knew nothing of the second lease, and the other is, that the duty of Phillips was to sell defendant's beer to the saloons in Pueblo. That is, apparently, as a solicitor for orders for defendant's beer from the saloon-men. The leasing of these premises does not appear to have had any connection with Phillips' duties as such salesman. If the defendant had a general manager in Pueblo, Phillips does not appear to have been such manager. It is altogether uncertain, from plaintiff's own testimony, whether or not the premises were at all occupied by the defendant after the second lease. But the testimony of Phillips, who testified for plaintiff, is clear that, after the second lease, the defendant never occupied the premises, nor were the premises occupied for it, for the reason that another person was in possession who would not get out. It was not shown to what use, if any, the premises were to be put by or for the defendant, or why they were leased, or that the premises were at all necessary, or suitable, for the business of defendant in Pueblo. Take it all in all, the evidence of the authority of Phillips to make the lease for the defendant is uncertain, indefinite and conflicting. The defendant denies such authority. Plaintiff says that the defendant ratified the second lease by paying the rent for four months, but he testified that Phillips paid this rent. These four months cover exactly the unexpired period of the former lease. Furthermore, the defendant did not know of the second lease. It is safe to say that it is difficult for a person to ratify a contract, the existence of which is unknown to him. The authority of Phillips is one of the issues in the case. The court found the issues in favor of the

defendant.   This finding, under the circumstances, appears like unto the verdict of a jury on conflicting evidence, and should not be disturbed.   The court below had a better opportunity than this court to judge of the weight and sufficiency of the evidence and the credibility of the witnesses.

The testimony ruled out by the court was inadmissible.   It did not tend to prove a special agency to make this lease, nor a general agency.   Had it been admitted, it would not have cleared the situation any, nor strengthened plaintiff's case.   The judgment will, therefore, be affirmed.   *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.